# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
SIMS, COOK, and GALLAGHER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class BRYAN K. JONES**
**United States Army, Appellant**

ARMY 20090983

Headquarters, Fort Drum
Andrew J. Glass, Military Judge
Colonel Michael O. Lacey, Staff Judge Advocate

For Appellant:  Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Laura A. Kesler, JA; Captain A. Jason Nef, JA (on brief).

For Appellee:  Colonel Michael E. Mulligan, JA; Major Amber J. Williams, JA; Major Ellen S. Jennings, JA; Captain Stephen E. Latino, JA (on brief).

20 December 2011

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge, sitting as a special court-martial, convicted appellant, pursuant to his plea, of one specification of wrongful use of marijuana, in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a [hereinafter UCMJ].   Contrary to his pleas, the military judge found appellant guilty of one specification of absence without leave, and one specification of disrespect in language toward a noncommissioned officer, in violation of Articles 86 and 91, UCMJ, 10 U.S.C. §§ 886 and 891.[*]  Appellant was sentenced to a bad-conduct discharge, confinement for five months, and reduction to the grade of Private E1. The convening authority approved the adjudged sentence and credited appellant with sixteen days of confinement against the sentence to confinement.  This case is before us for review pursuant to Article 66, UCMJ.

---

[*] Appellant was found not guilty, in accordance with his plea, of one specification alleging wrongful disposal of military property in violation of Article 108, UCMJ.

Appellant was originally charged with wrongfully using marijuana "at or near Fort Drum, New York," in violation of Article 112a, UCMJ. At his court-martial, appellant pled guilty to the offense, "except the words, 'Fort Drum, New York,' substituting therefore the words, 'Denton, Texas.'" Appellant pled not guilty to the excepted words and guilty to the substituted words.

During his *Care* inquiry (*United States v. Care*, 18 U.S.C.M.A. 535, 538-39, 40 C.M.R. 247, 250-51 (1969)), the military judge elicited sufficient information from appellant to provide a factual predicate for appellant's plea to wrongful use of marijuana in Denton, Texas. The military judge advised appellant of the elements citing the location as Denton, Texas, and found him provident as pled. The government did not produce evidence in an attempt to prove the excepted language of Charge IV and its specification. When the military judge announced findings, however, he stated the location of the wrongful use as Pana, Illinois.

We conclude the military judge misspoke in announcing the location of the offense. This conclusion is consistent with appellant's pleas and his statements during a thorough providence inquiry that he understood all the elements of this particular offense and described how he committed the offense. Thus, there can be no doubt appellant committed the charged offense with the substituted language to which he pled guilty. It is also clear the military judge intended to find appellant guilty in accordance with his pleas as he found the accused provident and accepted his pleas. The announcement of the military judge, under the circumstances of this case, is sufficient to intelligently discern the basis for the findings and is adequate to bar a subsequent prosecution for the same offense. Under these facts, we find no error materially prejudicial to a substantial right of appellant. *See* UCMJ art. 59(a), 10 U.S.C. § 859.

Upon consideration of the entire record, the submissions of the parties, including the matter personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), the court affirms only so much of the finding of guilty of Charge IV and its Specification as finds appellant did, at or near Denton, Texas, between on or about 8 April 2009 and on or about 7 May 2009, wrongfully use Marijuana, a Schedule I controlled substance, in violation of Article 112a, UCMJ. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales,* 22 M.J. 305 (C.M.A. 1986) and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion, the court affirms the remaining findings of guilty and the sentence.

JONES—ARMY 20090983



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court